**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1159**

JENNIFER NARDELLO,

      Plaintiff - Appellant,

    v.

BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,

      Defendant - Appellee,

    and

AETNA LIFE INSURANCE COMPANY,

      Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:15-cv-03792-JKB)

Submitted: April 27, 2021                       Decided: May 7, 2021

Before MOTZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Denise M. Clark, CLARK LAW GROUP, PLLC, Washington, D.C., for Appellant. Larry R. Seegull, Kathleen A. McGinley, JACKSON LEWIS, P.C., Baltimore, Maryland,

for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennifer Nardello appeals from the district court's order denying her motion to vacate the arbitration award (the "Award") issued in favor of Boehringer Ingelheim Pharmaceuticals, Inc. ("BIP"). On appeal, Nardello contends that the Award should be vacated because it contravenes the arbitration agreement and reflects the arbitrator's partiality toward BIP. We reject those contentions and affirm.

We review de novo a district court's denial of a motion to vacate an arbitration award. *Brown & Pipkins, LLC v. Serv. Emps. Int'l Union*, 846 F.3d 716, 723 (4th Cir. 2017). Generally, "judicial review of an arbitration award in federal court is severely circumscribed and among the narrowest known at law." *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015) (internal quotation marks omitted). "[A] federal court may vacate an arbitration award only upon a showing of one of the grounds specified in the Federal Arbitration Act, *see* 9 U.S.C. § 10(a), or upon a showing of certain limited common law grounds." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006) (footnote omitted). In reviewing the Award, "our province is not to determine the merits of the dispute between the parties but rather to determine only whether the arbitrator did h[er] job—not whether [s]he did it well, correctly, or reasonably, but simply whether [s]he did it." *Interactive Brokers LLC v. Saroop*, 969 F.3d 438, 445 (4th Cir. 2020) (internal quotation marks omitted).

We conclude that Nardello has not met her "heavy burden" for vacating the Award. *Id.* at 443. First, Nardello argues that the Award contravenes the arbitration agreement because it applies legal principles governing a claim under the Employee Retirement

3

Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, to her claim under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 to 12213. *See Yuasa, Inc. v. Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers*, 224 F.3d 316, 321 (4th Cir. 2000) (recognizing that a federal court may vacate an arbitration award where it "ignore[s] the plain language of the agreement" (alteration and internal quotation marks omitted)). We disagree, however, with Nardello's interpretation of the Award. Contrary to Nardello's interpretation, we read the Award to analogize to certain ERISA legal principles only in assessing the proper standard of review for Nardello's claim that BIP's decision to deny her short-term disability benefits was erroneous.[*] Indeed, we do not read the Award to utilize those principles in rejecting Nardello's separate claim that BIP's decision to deny her such benefits violated the ADA. Consequently, we reject Nardello's argument that the Award contravenes the arbitration agreement.

Second, Nardello asserts that the Award reflects the arbitrator's partiality toward BIP. *See* 9 U.S.C. § 10(a)(2) (providing that federal court may vacate arbitration award if arbitrator acts with "evident partiality"); *ANR Coal Co. v. Cogentrix of N.C., Inc.*, 173 F.3d 493, 500 (4th Cir. 1999) (specifying factors for assessing claim of arbitrator partiality). We are satisfied that Nardello's assertion of partiality fails because it amounts to little more than a disagreement with the Award's legal conclusion that Nardello's ADA claim was

---

[*] Nardello's opening brief does not seem to dispute the Award's use of abuse-of-discretion review in assessing her claim that BIP's decision to deny her short-term disability benefits was erroneous. Even if Nardello's opening brief could be interpreted to present such an argument, we conclude that Nardello has failed to show that the Award's application of abuse-of-discretion review to that claim justifies a vacatur of the Award.

4

deficient.  Furthermore, we conclude that Nardello has failed to demonstrate that this legal conclusion was made in manifest disregard of the law.  *See Interactive Brokers LLC*, 969 F.3d at 442.

Accordingly, we affirm the district court's denial of Nardello's motion to vacate the Award.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*